# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRAD FUSSELL,

    Defendant.

2:10-CV-365 JCM (PAL)

## ORDER

Presently before the court is defendant Brad Fussell's motion for bail pending sentencing. (Doc. #148). The government has filed a response (doc. #149), to which Mr. Fussell has not replied.

On September 28, 2011, a jury found Mr. Fussell guilty of conspiracy to distribute cocaine. After the jury returned its verdict, the government moved to detain Mr. Fussell pending sentencing. Pursuant to 18 U.S.C. § 3143(a)(2), this court granted the government's motion and remanded Mr. Fussell to custody.

Defendants convicted of drug offenses with a maximum sentence of at least ten years imprisonment are generally not eligible for release pending sentencing. 18 U.S.C. § 3143(a)(2), 18 U.S.C. § 3142(f)(1)(C). However, "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," a defendant may be eligible for release. 18 U.S.C. § 3145(a)(2)(c). Examples of exceptional circumstances include the defendant's conduct being aberrational, the length of the prison sentence, circumstances rendering the hardships of prison unusually harsh for the particular defendant, and an exceptional unlikelihood of flight or danger to

the community. *United States v. Garcia*, 340 F.3d 1013, 1019, 1021 (9th Cir. 2003).

Here, Mr. Fussell is facing a mandatory minimum sentence of ten years imprisonment for his involvement in a conspiracy to distribute 8.4 kilograms of cocaine in exchange for $250,000. As such, the terms of 18 U.S.C. § 3143(a)(2) apply to him, and he must be remanded to custody pending sentencing, unless the court finds, "by clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B).

Mr. Fussell contends that detention is inappropriate as to him because the underlying criminal conduct was completely aberrational and that he presents a low risk of flight or danger to the community. The court cannot agree that Mr. Fussell has "clearly shown" exceptional reasons exist to require his release pending sentencing.

As to Mr. Fussell's first contention, though this court understands that Mr. Fussell had a clean criminal history prior to the instant offense, and has no apparent history of using or dealing drugs, it cannot find that Mr. Fussell's conduct was so aberrational as to qualify him for release. Doing so in this case would require that every first time offender be released pending sentencing, in contravention of the clear congressional intent of § 3143. Being a first time offender, in this court's opinion, does not serve as an "exceptional reason" why an individual facing at least ten years imprisonment should be released pending sentencing.

Further, this court does not find that Mr. Fussell presents an exceptionally low risk of flight or danger to the community. Mr. Fussell contends that because he is the main breadwinner for his household, takes care of his mother, has roots in the community, and complied with all of the conditions of his pretrial release he is exceptionally unlikely to flee. Such evidence is not "clear and convincing" in the eyes of the court. *See* 18 U.S.C. § 3143(a)(2)(B).

While it is true that Mr. Fussell has strong roots in the community and familial responsibilities, the fact remains that he is facing a mandatory minimum sentence of ten years. The incentive and motivation to flee may be too great for Mr. Fussell to overcome. As such, this court must discount Mr. Fussell's familial and community ties as well as his 14-month record of compliance with pretrial services. Again, Mr. Fussell has not "clearly shown" that he poses an

exceptional unlikelihood of flight.  Pursuant to the terms of 18 U.S.C. § 3143, Mr. Fussell must be remain in custody pending his sentencing hearing.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Fussell's motion for bail pending sentencing (doc. #148) be, and the same hereby is, DENIED.

DATED January 4, 2012.

_____
**UNITED STATES DISTRICT JUDGE**